| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Vincent James Montemarano** | | | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| United States Bankruptcy Court for the: | | **NORTHERN DISTRICT OF OHIO** | | |
| Case number: | **22-50028** | | | |
| (If known) | | | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**3.3**

Official Form 113
# Chapter 13 Plan
12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$706.34** per **Bi-Weekly** for **36** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Vincent James Montemarano** | Case number | **22-50028** |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
**Per Confirmation Order**

**2.4 Additional payments.**
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $91,824.00**.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Associated APM** | **300 Canterbury Lane Apt A Medina, OH 44256 Medina County PPN: 028-19C-10-106** | $189.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition:<br>$7,000.00 | 0.00% | $148.94 | $7,000.00 |
| **Mid America Mortgage I** | **300 Canterbury Lane Apt A Medina, OH 44256 Medina County PPN: 028-19C-10-106** | $455.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | Prepetition:<br>$28,450.00 | 0.00% | $605.32 | $55,750.00 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Credit Acceptance | 2017 Kia Sportage 145k miles NADA Value Shown | $7,920.00 | 5.50% | $151.28 Disbursed by: ☑ Trustee ☐ Debtor(s) | $9,076.80 |

*Insert additional claims as needed.*

**3.4  Lien avoidance**.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
*The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked*

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of Creditor** | a. Amount of lien | $2,854.00 | **Amount of secured claim after avoidance** (line a minus line f) |
| **Tidewater Finance Company** | b. Amount of all other liens | $73,924.00 | |
| | c. Value of claimed exemptions | $57,060.00 | |
| **Collateral** 300 Canterbury Lane Apt A Medina, OH 44256  Medina County **PPN: 028-19C-10-106** | d. Total of adding lines a, b, and c | $133,838.00 | **Interest rate** (if applicable) % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) **Judgment Lien** | e. Value of debtor(s)' interest in property | -$57,060.00 | **Monthly plan payment on secured claim** |
| | f. Subtract line e from line d. | $76,778.00 | |
| | Extent of exemption impairment *(Check applicable box):* ☑ **Line f is equal to or greater than line a.** | | **Estimated total payments on secured claim** |

| Debtor | **Vincent James Montemarano** | Case number | **22-50028** |

| Information regarding judicial lien or security interest | Calculation of lien avoidance | Treatment of remaining secured claim |
|---|---|---|
| | The entire lien is avoided *(Do not complete the next column)* | |
| | ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column)* | |

*Insert additional claims as needed.*

**3.5   Surrender of collateral.**

*Check one.*
☑   **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### Part 4: Treatment of Fees and Priority Claims

**4.1   General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2   Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**9,182.40**.

**4.3   Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,000.00**.

**4.4   Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑   **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5   Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐   The sum of $        .
☐   _____% of the total amount of these claims, an estimated payment of $_____.
☑   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $  **5,397.00**  . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑   **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3   Other separately classified nonpriority unsecured claims.** *Check one*.

☑   **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Debtor | Vincent James Montemarano | Case number | 22-50028 |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

**9.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  /s/ Vincent James Montemarano                    X  _____
   **Vincent James Montemarano**                        Signature of Debtor 2
   Signature of Debtor 1

   Executed on  **March 31, 2022**                     Executed on  _____

X  /s/ James F Hausen                               Date  **March 31, 2022**
   **James F. Hausen 0073694**
   Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| | | |
|---|---|---|
| Debtor | **Vincent James Montemarano** | Case number **22-50028** |

**Exhibit: Total Amount of Estimated Trustee Payments**

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $62,750.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $9,076.80 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $12,182.40 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $7,814.80 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $91,824.00 |

| | | |
|---|---|---|
| In re: | * | Case No. 22-50028 |
| | * | |
| Vincent James Montemarano | * | Chapter 13 |
| | * | |
| | * | Judge Alan Koschik |
| | * | |
| Debtors | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CERTIFICATE OF SERVICE

I hereby certify that the Amended Chapter 13 Plan was electronically transmitted on or about March 31, 2022 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

    Chapter 13 Trustee, Keith Rucinski

I further certify that the following received notice by regular U.S. Mail at the specified address on the date first set forth above:

See Attached Mailing Matrix

                                                     /s/ James F. Hausen
                                                     James F. Hausen, Attorney for Debtor(s)

```
Label Matrix for local noticing          (p)ATLAS ACQUISITIONS LCC              PRA Receivables Management, LLC
0647-5                                   492C CEDAR LANE SUITE 442              PO Box 41021
Case 22-50028-amk                        TEANECK NJ 07666-1713                  Norfolk, VA 23541-1021
Northern District of Ohio
Akron
Sun Mar  6 10:51:48 EST 2022

455 John F. Seiberling Federal Building  Applied Bnk                            Associated APM
US Courthouse                            Attn: Bankruptcy                       5090 Park Ave West
2 South Main Street                      2200 Concord Pike, Ste 102             Seville, OH 44273-8916
Akron, OH 44308-1848                     Wilmington, DE 19803-2909

Avid Acceptance Llc                      (p)JPMORGAN CHASE BANK N A             Citizens Bank
Attn: Bankruptcy                         BANKRUPTCY MAIL INTAKE TEAM            1000 Lafayette Blvd
6995 Union Park Center Suite 450         700 KANSAS LANE FLOOR 01               Bridgeport, CT 06604-4725
Cottonwood Heights, UT 84047-6145        MONROE LA 71203-4774

(p)CITIZENS BANK N A                     Credit Acceptance                      Credit One Bank
ATTN BANKRUPTCY TEAM                     Attn: Bankruptcy                       Attn: Bankruptcy Department
ONE CITIZENS BANK WAY                    25505 West 12 Mile Road Ste 3000       Po Box 98873
JCA115                                   Southfield, MI 48034-8331              Las Vegas, NV 89193-8873
JOHNSTON RI 02919-1922

Department of Education/Nelnet           Kaman & Cusimano                       (p)KEITH D  WEINER & ASSOC  CO  L P A
Attn: Bankruptcy                         50 Public Square                       1100 SUPERIOR AVENUE EAST
Po Box 82561                             Suite 2000                             SUITE 1100
Lincoln, NE 68501-2561                   Cleveland, OH 44113-2215               CLEVELAND OH 44114-2520

Keith D. Weiner and Associates           Kikoff Lending Llc                     Kingston Data and Credit International
75 Public Square                         Attn: Bankruptcy                       Attn: Bankruptcy
4th Floor                                75 Broadway Suite 226                  1301 Seminole Blvd, Unit 166,
Cleveland, OH 44113-2001                 San Francisco, CA 94111-1458           Largo, FL 33770-8118

LVNV Funding, LLC                        MERRICK BANK                           Medina County Common Pleas
Resurgent Capital Services               Resurgent Capital Services             93 Public Square
PO Box 10587                             PO Box 10368                           Medina, OH 44256-2292
Greenville, SC 29603-0587                Greenville, SC 29603-0368

Medina County Job and Family Servic      Medina Municipal Court                 Merrick Bank/CardWorks
232                                      135 North Elmwood Ave                  Attn: Bankruptcy
Northland Dr                             Medina, OH 44256-1878                  Po Box 9201
Medina, OH 44256-1533                                                           Old Bethpage, NY 11804-9001

Mid America Mortgage I                   Midland Credit Management, Inc.        (p)LANDMARK STRATEGY GROUP  LLC
15301 Spectrum Dr. Ste 405               PO Box 2037                            ATTN COLLEEN KIMBLE
Addison, TX 75001-6877                   Warren, MI 48090-2037                  455 CENTER RD
                                                                                WEST SENECA NY 14224-2100

Premier Bankcard, LLC                    Quantum3 Group LLC as agent for        Spring Oaks Capital SPV, LLC
Jefferson Capital Systems LLC Assignee   Sadino Funding LLC                     P O Box 1216
Po Box 7999                              PO Box 788                             Chesapeake, VA 23327-1216
Saint Cloud MN 56302-7999                Kirkland, WA  98083-0788
```

| | | |
|---|---|---|
| Sterling Jewelers, Inc.<br>Attn: Bankruptcy<br>Po Box 1799<br>Akron, OH 44309-1799 | T Mobile/T-Mobile USA Inc<br>by American InfoSource as agent<br>PO Box 248848<br>Oklahoma City, OK 73124-8848 | The Huntington National Bank<br>P O Box 89424<br>Cleveland OH 44101-6424 |
| (p)TIDEWATER FINANCE COMPANY<br>P O BOX 13306<br>CHESAPEAKE VA 23325-0306 | Total Visa/tbom/vt<br>Po Box 89028<br>Sioux Falls, SD 57109-9028 | US DEPARTMENT OF EDUCATION C/O NELNET<br>121 SOUTH 13TH STREET<br>LINCOLN NE 68508-1904 |
| Verizon Wireless<br>Attn: Bankruptcy<br>500 Technology Dr, Ste 599<br>Weldon Springs, MO 63304-2225 | James F. Hausen<br>Bates and Hausen, LLC<br>215 E. Waterloo Road Suite 17<br>Akron, OH 44319-1236 | Keith Rucinski<br>Chapter 13 Trustee<br>One Cascade Plaza Suite 2020<br>Akron, OH 44308-1160 |
| Vincent James Montemarano<br>300 Canterbury Lane Apt A<br>Medina, OH 44256-2510 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Atlas Acquisitions LLC<br>492C Cedar Lane Suite 442<br>Teaneck, NJ 07666 | (d)Atlas Acquisitions LLC<br>492C Cedar Lane, Ste 442<br>Teaneck, NJ 07666 | Chase Card Services<br>Attn: Bankruptcy<br>Po Box 15298<br>Wilmington, DE 19850 |
| Citizens Bank<br>Attn: Bankruptcy<br>1 Citizens Dr<br>Riverside, RI 02915 | Keith D. Weiner<br>75 Public Square<br>4th Floor<br>Cleveland, OH 44113 | Pbcapigrp<br>455 Center Rd<br>West Seneca, NY 14224 |
| Tidewater Finance Company<br>6520 Indian River Rd<br>Virginia Beach, VA 23464 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | (u)Total Visa/tbom/vt | End of Label Matrix<br>Mailable recipients  39<br>Bypassed recipients   2<br>Total                41 |